# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Car-Freshner Corporation and Julius Samann, Ltd., <br><br> Plaintiffs <br><br> v. <br><br> Scented Promotions, LLC d/b/a Scent USA, Paulina Slusarczyk, and Slawomir M. Warzocha a/k/a Michael Warzocha a/k/a Michael Midas, <br><br> Defendants | Case No.: 2:21-cv-00459-JAD-EJY <br><br> **Order Granting Motions for Judgment and Disbursement of Funds** <br><br> [ECF Nos. 19, 20] |

Car-Freshner Corporation and Julius Samann, Ltd. filed this collection action after obtaining a default judgment of $153,472.36 against Scented Promotions, Paulina Slusarczyk, and Slawomir Warzocha in the Northern District of New York.[1] With interest, the judgment totaled $153,526.36 as of January 2021.[2] The defendants have not satisfied any portion of that judgment.[3] The Clerk of Court issued writs of execution for the defendants, and the U.S. Marshal served them on Nevada State Bank—the garnishee defendant in this case— along with post-judgment interrogatories.[4] Nevada State Bank identified accounts for Scented Promotions and Warzocha totaling $153,526.86.[5] Plaintiffs now request an entry of judgment in this court and an order directing Nevada State Bank to disburse those funds.[6]

---

[1] ECF No. 1 (registration of foreign judgment).

[2] ECF No. 19 at 3.

[3] *Id*. at 6.

[4] ECF No. 13–15 (writs of execution); ECF No. 16–18 (return receipts for writs); ECF 19 at 19–24 (post-judgment interrogatory responses).

[5] *Id*. at 6.

[6] ECF No. 19; ECF No. 20.

Federal Rule of Civil Procedure 69 explains that "a money judgment is enforced by a writ of execution" and instructs that the "procedure on execution . . . must accord with the procedure of the state where the court is located . . . ."[7] In Nevada, writs of execution are enforced through state procedures for garnishment under NRS Chapter 31.[8] Chapter 31 requires writs of garnishment to be served in the same manner as a summons in a civil action, which gives a court jurisdiction to proceed against a garnishee defendant.[9] Under NRS § 31.300, if a garnishee defendant shows that it has money or property belonging to the defendant/judgment debtor, "the court [must] . . . upon application of the plaintiff with written notice to the garnishee . . . enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness . . . ."[10] The garnishee defendant "must not pay any of the money to the defendant and must instead retain the money in [its] possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff."[11]

Nevada law also requires judgment creditors to serve a notice of execution to judgment debtors by mail.[12] If judgment debtors object to the collection, they may claim an exemption under NRS § 31.045 "within 10 days after notice of the execution or garnishment is served."[13]

---

[7] Fed. R. Civ. P. 69(a)(1).

[8] *Emp. Painters Tr. v. Riggio Bros. Constr. Inc.*, 2010 WL 3896148, at *2 (D. Nev. Sept. 29, 2010).

[9] Nev. Rev. Stat. §§ 31.270; 31.280.

[10] *Henry v. Rizzolo*, 2012 WL 4867725, at *3 (D. Nev. Oct. 12, 2012) (quoting Nev. Rev. Stat. § 31.300).

[11] *Id.* (citing Nev. Rev. Stat. § 31.310).

[12] Nev. Rev. Stat. § 31.045.

[13] *Id.*

Courts are directed to liberally construe Chapter 31 to effectuate its "policy goals for post-judgment issuance of a writ of garnishment."[14]

Plaintiffs have established that they are entitled to judgment and an order requiring Nevada State Bank to disburse funds held in Scented Promotions's and Warzocha's accounts for the payment of plaintiffs' judgment. Nevada State Bank has been properly served with writs of execution and post-judgment interrogatories, and it has not objected to the garnishment of defendants' funds. Plaintiffs twice served a notice of execution on defendants, but they did not object or claim any exemptions to the collection.[15] I thus find that plaintiffs are entitled to judgment and an order disbursing those funds.

IT IS THEREFORE ORDERED that Car-Freshner Corporation's **Motion for Judgment [ECF No. 19]** and **Motion for Disbursement of Funds [ECF No. 20] are GRANTED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER JUDGMENT in the amount of $153,526.36 in favor of defendants/judgment debtors for the use of plaintiffs/judgment creditors against garnishee-defendant Zions Bancorporation, N.A. d/b/a Nevada State Bank, under NRS § 31.300.

IT IS FURTHER ORDERED that Nevada State Bank is directed to disburse the funds held in the checking accounts of Scented Promotions, LLC and Slawomir M. Warzocha, in the total sum of $153,526.36 to plaintiffs/judgment creditors Car-Freshner Corporation and Julius Samann, Ltd.

_____
U.S. District Judge Jennifer A. Dorsey
February 2, 2022

---

[14] *Pac. W. Bank v. Eighth Jud. Dist. Court*, 383 P.3d 252, 256 (Nev. 2016) (citing Nev. Rev. Stat. § 31.450).

[15] *See* ECF No. 19 at 4.